UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
_____

| | |
|---|---|
| Dawn Smith, Mark Tarras, Jim Cox, Justin Durbin, Patrick Parris, DeWayne Klipple and Edward Willson, | Court File No.: 04-1403 (RHK/AJB) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION ON JOINT MOTION FOR FINAL APPROVAL OF SETTLEMENT** |
| Heartland Automotive Services, Inc., d/b/a Jiffy Lube, | |
| Defendant. | |

_____

This matter is before the Court, United States Magistrate Judge Arthur J. Boylan, on the parties' Joint Motion for Final Approval of Settlement. Through their motion and exhibits attached thereto, the above-named Plaintiffs and Defendant Heartland Automotive Services, Inc., d/b/a Jiffy seek final approval of the settlement as required by the Fair Labor Standards Act. This matter has been referred to the Magistrate Judge for report and recommendation under 28 U.S.C. § 636(b)(1). For reasons discussed below, the Magistrate Judge recommends the parties' Motion for Final Approval of Settlement be granted.

## DISCUSSION

Plaintiffs are seven (7) former Store Managers of Defendant Heartland Automotive Services, Inc., d/b/a Jiffy Lube. Plaintiffs brought claims against Defendant under the Fair Labor Standards Act ("FLSA"), alleging that Defendant

1

improperly classified them as overtime exempt executives and thus deprived them of overtime compensation. Defendant has maintained that Plaintiffs' primary job duty was management and were thus properly classified as overtime exempt.

On July 1, 2004, the seven Plaintiffs moved for conditional class certification of the case, requesting permission to proceed as a collective action pursuant to FLSA, 29 U.S.C. § 216(b), and provide notice of the litigation to all Store Managers who worked for Defendant during the relevant statutory period. [Docket No. 36]. This Court granted Plaintiffs' motion, allowing them to proceed as "similarly situated" employees for purposes of notice and discovery only. [Docket No. 71]. On September 29, 2005, after a year and a half of discovery, Defendant moved this Court to decertify the conditionally certified class, arguing that Plaintiffs were not similarly situated enough to proceed collectively to trial. [Docket No. 156]. The Court decertified the class on December 12, 2005, dismissing all but the seven named Plaintiffs' claims, and permitting the more than two hundred plus Plaintiffs who had previously opted-in to the conditionally certified case to pursue their individual claims within a sixty-day tolling period. [Docket No. 277]. Defendant subsequently moved for summary judgment on the Plaintiffs' claims and on March 6, 2006, the Court denied Defendant's motion for summary judgment on each of the Plaintiff's claims. [Docket No. 356].

This Court participated in two separate settlement conferences with the parties. Both parties, through their legal counsel, have demonstrated that they are familiar with the facts of the case and legal issues raised throughout. The parties

2

have engaged in arm's length negotiations directed towards settlement of these seven Plaintiffs' claims and the claims of the other two hundred and thirty-two (232) individuals who re-filed their claims in thirteen other courts, and are also represented by Plaintiffs' counsel.  As a result of the parties' negotiations, the parties have prepared a Joint Stipulation of Settlement and Release, which is before this Court for review.

Under the FLSA, employees can only bargain, waive, or modify their recovery and rights in narrow circumstances.  Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982).  In a private action between the employer and employee, a settlement falls within those narrow circumstances only if the parties agree on the terms, the court approves the settlement as "a fair and reasonable resolution of a bona fide dispute over FLSA provisions," and the settlement is entered as stipulated judgment.  Id. at 1353, 1355.

In approving a settlement offer, the court must give comprehensive consideration to all relevant factors and yet the settlement hearing must not be turned into a trial or a rehearsal of the trial.  City of Detroit v. Grinnell Corp., 495 F.2d 448, 462 (2d Cir. 1974).[1]  The primary consideration in determining whether a settlement is fair and reasonable is the strength and nature of the claim in light of the possible defenses.  Id. at 455.  Other factors include:  the complexity, expense and likely duration of the litigation; reaction of the class to the settlement; the

---

[1] The *Grinnell* case concerns class action settlements under Fed. R. Civ. P. 23.  However, both the FLSA and Rule 23 require fair and reasonable settlements, thus the standards set forth are applicable.

stage of the proceedings and the amount of discovery complete; the risks of establishing liability; the risks of establishing damages; the ability of the defendants to withstand greater judgment; and the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation. Id. at 463.

Like the parties, the Court finds the settlement to be a fair and adequate resolution of this matter. As a result of Defendant's motion for summary judgment, the Court has already determined that two elements of the executive exemption defense had been met because Plaintiffs received a salary of more than $250 a month, and customarily directed the work of two or more employees.[2] As a result, the only issue remaining for trial was whether Plaintiffs' primary job duty was management.[3]

Defendant's case was supported by evidence of the Plaintiffs' supervisory duties, responsibility for paperwork in their store, and the discrepancy in pay between store managers and other employees.[4] Conversely, the strength and nature of the Plaintiffs' claims relied on evidence that Plaintiffs exercised little

---

[2] Decided on motion for summary judgment. Smith v. Heartland Automotive Services, Inc, 418 F. Supp. 2d 1129 (D. Minn. 2006).

[3] The factors to be considered in determining whether an employee has management as a primary duty are: (1) the relative importance of exempt duties as compared with other types of duties; (2) the frequency with which the employee exercised discretionary powers; (3) the employee's relative freedom from supervision; and (4) the relationship between the employee's salary and the wages paid to other employees for the kind of non-exempt work performed by the employee. Id. § 541.103.

[4] See D.'s Trial Br.

discretion, were heavily supervised, and spent a large percentage of their time on non-management duties.[5]

However, recent developments in the case had significantly affected the damages Plaintiffs were likely to recover should they prevail at trial. At the summary judgment stage, the Court limited Plaintiffs' recovery to a two-year statute of limitations, rather than three, because Plaintiffs could not prove that Defendant had willfully misclassified the Plaintiffs as exempt. [Docket No. 351]. Also, at a pretrial conference, the Court indicated that damages would likely be calculated using a fluctuating workweek method of calculating overtime pay rather than the standard method. This decision would limit Plaintiffs to an overtime rate of one-half (.5) their regular rate of pay rather than one and one-half (1.5) their regular rate of pay. Finally, a recent court decision in <u>Addison v. Ashland Inc.</u>, No. Civ. 04-40085, 2006 WL 752761 (E.D. Mich.), indicated that Plaintiffs may have faced considerable hurdles in establishing their primary duty was not management.[6]

The Court finds that the Plaintiffs and Defendant engaged in a bona-fide dispute concerning Plaintiffs' classification as executive exempt employees under the FLSA. Both parties actively participated in discovery for the past year and a half. One hundred and two (102) depositions have been taken, multiple sets of interrogatories have been completed, and there has been extensive production of

---

[5] <u>See</u> Pls.' Trial Br.
[6] Ashland Inc. owns and operates Valvoline Service Centers, a quick lube operation. The store managers were similarly suing for overtime compensation, claiming they were misclassified as "executive exempt" under the FLSA. The court in *Addison v. Ashland Inc,* granted summary judgment for Ashland, Inc.

5

documents. Despite the discovery done, the likely duration, complexity, and expense of future litigation would still be a heavy burden on both parties because of the re-filed cases pending in the thirteen other courts. Absent a global settlement, the resolution of this case would be followed by litigation of these thirteen other cases.

The facts of this case, pleadings, and information on record, indicate that all parties have reason to find this settlement to be a fair, reasonable, and adequate resolution to the claims presented in this case. As such, the settlement meets the standards set forth under the FLSA.

## RECOMMENDATION

For the reasons stated above, it is hereby **recommended** that parties' Joint Motion for Final Approval of Settlement be **granted** [Docket No. 446].

Dated: August 14, 2006

　　　　　　　　　　　　　　　　　　__s/ Arthur J. Boylan_____
　　　　　　　　　　　　　　　　　　Arthur J. Boylan
　　　　　　　　　　　　　　　　　　United States Magistrate Judge